UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TELLY ROYSTER,**  :
  :
  **Plaintiff,**  :  CIVIL NO. 3:CV-05-2063
  :
  v.  :  (Judge Caputo)
  :
**Secretary BEARD, et al.,**  :
  :
  **Defendants.**  :

## MEMORANDUM

### I. Background

Plaintiff, Telly Royster, an inmate at the Fayette State Correctional Institution in LaBelle, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Thereafter, Plaintiff filed an amended complaint.  Plaintiff alleges that while he was previously incarcerated at the State Correctional Institution in Camp Hill ("SCI-Camp Hill"), he was assaulted by prison officials, denied medical treatment for the resulting injuries, deprived of various privileges, and Defendants conspired to conceal the foregoing improprieties.  Presently pending is the motion of Defendant, Physician's Assistant Colleen Newfield, to dismiss (Doc. 29) Plaintiff's amended complaint.  The motion has been briefed and it is ripe for disposition.  For the following reasons, Defendant's motion will be denied.

### II. Discussion

#### A. Motion to Dismiss Standard

Plaintiff alleges that Newfield refused to provide pain medication for Plaintiff's injuries he sustained in the alleged prison attack at SCI-Camp Hill, in contravention of the Eighth Amendment proscription of cruel and unusual punishment. Newfield seeks dismissal of the

amended complaint based upon a contention that the complaint fails to allege a serious medical need and it fails to allege that Newfield knew her actions presented a risk of serious harm to Plaintiff.  In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).

**B.     Section 1983 Claim**

In order to set forth a viable § 1983 claim, Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  As it relates to Newfield, the amended complaint is clear in its averment that "Defendant[] . . . Neufield (sic) sued individually and in [her] official capacity as agent[] of the state of Pennsylvania was deliberate (sic) indifferent to plaintiff's serious medical needs violating plaintiff's 8th Amendment right . . . ."  (Doc. 23 at 2.)

The amended complaint sets forth a "short and plain statement" of the basis of jurisdiction, the basis of the claim and entitlement to relief, and a demand for judgment, fulfilling the pleading requirements of the Federal Rules of Civil Procedure.  *See*

2

Fed.R.Civ.P. 8(a). Plaintiff alleges that Newfield was acting as an agent of the state when she deprived him of his Eighth Amendment rights. Nothing more is required, and the averments in the amended complaint are sufficient to survive Defendant's motion to dismiss. In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), the Supreme Court reiterated its holding that "Rule 8(a)'s simplified pleading standard applies to all civil actions . . . ." Furthermore, the United States Court of Appeals for the Third Circuit has consistently held that nothing more is required in § 1983 cases than the notice pleading requirements of Rule 8. *Alston v.* Simmon, 363 F.3d 229, 233 (3d Cir. 2004); Abbott *v. Latshaw*, 164 F.3d 141, 149 (1998). Plaintiff's complaint is only subject to the short and plain statement requirement of Rule 8(a). *Alston*, 363 F.3d at 334. Accordingly, Defendant's motion to dismiss Plaintiff's complaint will be denied. An appropriate order follows.


Dated: September 8, 2006.                              /s/ A. Richard Caputo
                                                                                        A. RICHARD CAPUTO
                                                                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TELLY ROYSTER,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-05-2063** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **Secretary BEARD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**O R D E R**

**AND NOW, THEREFORE, THIS 8th DAY OF SEPTEMBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** the Motion of Colleen Newfield to Dismiss (Doc. 29) Plaintiff's Amended Complaint is **DENIED**.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge