UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**TELLY ROYSTER,** :
:
    **Plaintiff,** : CIVIL NO. 3:CV-05-2063
:
  **v.** : (Judge Caputo)
:
:
**Secretary BEARD, et al.,** :
:
    **Defendants.** :

## O R D E R

Plaintiff, Telly Royster, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. Defendants are, *inter alia*, individuals identified as Sgt. Duncan and CO1 Sanchez. Subsequently, other Defendants filed a Motion to Dismiss Plaintiff's complaint, as well as a Motion to Stay Discovery, pending resolution of their Motion to Dismiss. By Order dated February 14, 2006 (Doc. 27), the Court granted Defendants' Motion to Stay Discovery pending disposition of their Motion to Dismiss Plaintiff's complaint. Thereafter, by Order dated June 5, 2006, Plaintiff was directed to provide the current addresses for Duncan and Sanchez, to effect service upon them.

Subsequently, Plaintiff filed a motion for enlargement of time to comply with the Court's June 5, 2006 Order, together with a Motion for Discovery. In Plaintiff's Motion for Discovery, he sought relief from the Court's stay of discovery for the limited purpose of requesting address information from Defendants, in order to comply with the Court's June

5, 2006 Order.[1]  In response to Plaintiff's motion for discovery, Defendants provided all available information sought by Plaintiff through the requested discovery, and they notified Plaintiff that they have no addresses for Duncan or Sanchez.  By Order dated July 11, 2006 (Doc. 44), the Court denied Plaintiff's motion for discovery (Doc. 40) as moot, since Plaintiff had received responses to his request for information.  Currently pending is Plaintiff's Motion for Reconsideration (Doc. 60) of that Order.  Notwithstanding Defendants' representations that they have no current addresses for Duncan or Sanchez, Plaintiff's Motion for Reconsideration asserts that they should, by virtue of internal operating procedures to obtain employee addresses.

      Although Plaintiff's motion does not appear to be timely filed (filed nearly five months after the date of the challenged Order), Plaintiff asserts that he did not receive a service copy of the challenged Order.  Assuming this to be true, the purpose of a motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Upon consideration of the Motion, this Court finds that Plaintiff has failed to provide the evidence required for a successful motion for reconsideration.

      **ACCORDINGLY, THIS 24th DAY OF MAY, 2007, IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 60) is **DENIED**.

      /s/ A. Richard Caputo
      A. RICHARD CAPUTO
      United States District Judge

---

1.  Although Plaintiff also sought information regarding the identity of the Jane Doe Defendants, Plaintiff has subsequently submitted their identities (*see* Doc. 70) and the information is no longer required.