UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2063 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Secretary BEARD, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**I. Background**

Plaintiff, Telly Royster, an inmate at the Fayette State Correctional Institution in LaBelle, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint. Named as Defendants are the Secretary of the Department of Corrections ("DOC"), Jeffrey A. Beard, Ph.D., and the following employees at the State Correctional Institution in Camp Hill ("SCI-Camp Hill"): Superintendent Donald L. Kelchner; Captain Daniel Orwig; Lieutenant Nick G. Rodites; Lieutenant Anthony Ross; Sergeant Steven E. Klinedist; Sergeant Duncan; Colonel Michael J. Cleaver; Colonel Sanchez; Colonel Adam Huber; Colonel LeRoy Robinson; Colonel Steven A. Spriggle; Colonel Michael Martin; Colonel John R. Snook; Colonel Bryan D. Stubbs; Teresa Law; Colonel Daniel R. Leahman; Nurse Monica Woodyard; "Nurse USA"; Physician Assistant Neufield; Physician Assistant Michael Spaeder; Janeen Davis, RNS; and Danyel M., RPN.

Plaintiff alleges that while he was previously incarcerated at SCI-Camp Hill, he was assaulted by prison officials, denied medical treatment for the resulting injuries, and

deprived of various privileges.  He further contends that Defendants conspired to conceal their actions.  Presently pending is Defendants' motion to dismiss the amended complaint (Doc. 49).[1]  In the motion, Defendants contend that Plaintiff's Section 1983 claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.  Defendants further contend that Plaintiff's due process claims should be dismissed on the basis of failure to allege conduct that rises to the level of a violation of Plaintiff's constitutional rights.  The motion has been briefed and is ripe for disposition.  For the foregoing reasons, the motion will be denied in part, and granted in part.

II.     **Discussion**

**Motion to Dismiss Standard**

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that, when considering a motion to dismiss, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Dismissal is warranted if a complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above speculative level."  *Twombly*, 127

---

1.    The motion was brought by Defendants Beard, Cleaver, Huber, Kelchner, Klinedist, Law, Leahman, Martin, Orwig, Robinson, Ross, Rodites, Snook, Spriggle, Stubbs, and Woodyard.

S.Ct. at 1965.   This Court will review the Defendants' motion in the context of the standards set forth above.

### A.   Immunity

Defendants argue that Plaintiff's 1983 claim against Defendants in their official capacities for monetary damages is barred by the Eleventh Amendment and should be dismissed with prejudice.  It is well-settled that the Eleventh Amendment bars suits in federal court that seek damages against state officials acting in their official capacities. *See A.W. v. Jersey City Public Schools*, 341 F.3d 234, 238 (3d Cir. 2003).  Further, it is well-settled that neither a state, nor its agencies or officials acting in their official capacities, are considered a "person" as that term is used in 42 U.S.C. Section 1983 and, hence, not subject to suit.  *See Hafer v. Melo*, 502 U.S. 21, 25-27, 112 S.Ct. 358, 361-63, 116 L.Ed.2d 301 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  However, state officials sued in their *individual* capacities are "persons" within the meaning of Section 1983.  *See Hafer,* 502 U.S. at 31.  Thus, the Eleventh Amendment does not bar suits brought under Section 1983 against state officials in their individual capacities.  *See id.*

### B.   Excessive Force

In the instant case, Plaintiff filed suit against Defendants in both their official and individual capacities alleging the use of excessive force, denial of adequate medical care, and denial of basic human needs in violation of the Eighth Amendment to the United States Constitution.  As to the allegation of the use of excessive force, the Eighth

Amendment[2] prohibits infliction of cruel and unusual punishment. In order to rise to the level of "cruel and unusual punishment", infliction of pain must be "unnecessary and wanton." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citations omitted). *Accord Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Unnecessary" has been held to require that the force used exceeds that which appeared reasonably necessary to maintain or restore discipline at the time of the use of force. *Sampley v. Ruettgers,* 704 F.2d 491, 495 (10th Cir. 1983). "Wanton" has been defined as requiring that the correctional officer has intended to harm the inmate. *Id*. "Pain" requires more than momentary discomfort; the attack must have resulted in either severe pain or a lasting injury. *Id.* The United States Supreme Court has held that the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Thus, it is not required that a prisoner sustain a significant injury in order for a finding to be made that the use of force has risen to the level of cruel and unusual punishment. *Id.*

A court must look to a number of factors to determine whether the correctional officer, through his conduct, has "crossed the constitutional line." *Johnson,* 481 F.2d at 1033. In *Whitley*, the Supreme Court, relying on *Johnson*, listed the following factors which a court should consider: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates as reasonably perceived by responsible

---

2. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

4

officials on the basis of facts known to them; and (5) any attempts made to temper the severity of the forceful response.  *Whitley*, 475 U.S. at 321.

Plaintiff in the instant case alleged in his First Amended Complaint (Doc. 23) that, on July 3, 2004, Defendant Cleaver handcuffed Plaintiff, and then, along with Defendants Rodites, Klinedist, and Sanchez punched, pushed, kicked, and stomped Plaintiff.  Plaintiff further alleged that Defendant Spriggle observed the assault and Defendant John Doe recorded the incident on a video camera.  "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under §1983 if the officer had a reasonable opportunity to intervene and simply refused to do so."  *Smith v. Mensinger*, 293 F.3d 691 (C.A. 3 Pa. 2002).  Whenever an inmate, especially one proceeding *pro se*, presents claims of being subjected to excessive physical force, the Court is always hesitant to dismiss such serious allegations upon the submission of a dispositive motion.  Here, we are bound by the Plaintiff's factual allegations as to the use of force and failure of corrections officers observing the use of force to intervene.  *See White*, 897 F.2d at 106.

## C. Denial of Medical Treatment

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). *See also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A serious medical need is defined as one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for

5

a doctor's attention. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Moreover, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quotation and citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In the instant case, Plaintiff contends in his First Amended Complaint (Doc. 23) that, following the assault that he alleges occurred on July 3, 2004, he had injuries including swelling and bruising; headaches; memory lapses; blurry vision; sensitivity to bright lights; stuttering spells; nausea; chest pains; dizziness; stiff neck; pain when urinating; and numbness on both wrists and hands. (Doc. 23 at ¶ 20).

Plaintiff further alleged that he was denied adequate medical care for his injuries. Specifically, Plaintiff alleged that Defendants Ross and Duncan denied his request for medical treatment for his injuries. (Doc. 23 at ¶¶ 25, 27). Plaintiff alleged that Defendants Janeen Davis, RNS[3], and Danyel M., RPN[4], and Defendant Newfield, a physician's assistant, denied Plaintiff's requests for medical treatment. (Doc. 23 at ¶¶ 26, 28, 30).

---

3. Plaintiff identifies Ms. Davis as Nurse Jane Doe (1) in his complaint.

4. Plaintiff identifies Danyel M. As Nurse Jane Doe (2) in his complaint.

Plaintiff further alleged that Defendant Newfield ignored Plaintiff's written requests for medical care. (Doc. 23 at ¶ 31). Plaintiff alleged that Defendant Michael Spaeder[5], a physician's assistant, diagnosed Plaintiff with a sinus problem and prescribed Motrin even though Plaintiff told Mr. Spaeder that he was allergic to Motrin and the allergy was noted in Plaintiff's medical file. (Doc. 23 at ¶ 29). At this juncture, in accepting as true the facts as alleged by Plaintiff, dismissal of Plaintiff's claims is not warranted. *See White*, 897 F.2d at 106. *See also Twombly,* 127 S.Ct. at 1965, 1974. The injuries Plaintiff describes are serious, and bruising and swelling are the types of injuries that would be so obvious that a layperson would recognize the need for medical attention. *See Monmouth County,* 834 F.2d at 347. Thus, this Court will not dismiss Plaintiff's claims that he was denied adequate medical care.

### D.     Conditions of Confinement

The Eighth Amendment prohibition against cruel and unusual punishment demands that prison officials do not house inmates under conditions that deprive them of one or more basic human needs such as the basic human need for reasonable safety, adequate physical space, and the need for some degree of ventilation and fresh air. *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). In order to establish an Eighth Amendment claim, Plaintiff must show that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety. *Farmer*, *supra,* 511 U.S. at 834. Further, the focus must be on the deprivation of a particular

---

5.   Plaintiff identifies Mr. Spaeder as John Doe in his complaint.

necessity, such as food, warmth, or exercise. *Wilson v. Seiter,* 501 U.S. 294, 304-05, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

In this case, Plaintiff alleged that, from July 3, 2004 until on or around February 22, 2005, on the order of Defendant Klinedist, Plaintiff was denied "food, showers, yard [exercise], shaves, law library, and cleaning supplies" by Defendants Cleaver, Sanchez, Martin, Spriggle, Huber, and Snook whenever they worked on the pod where Plaintiff was housed. (Doc. 23 at ¶33). Plaintiff further alleged that Defendants Kelchner and Beard were informed of the deprivation of Plaintiff's basic human needs through grievance appeals, letters, and phone calls, but "failed to respond reasonably." (Doc. 23 at ¶¶ 34, 35). Plaintiff fails to allege any facts that demonstrate that the deprivations constituted "a substantial risk of serious harm" to his health or safety or that Defendants Kelchner and Beard were deliberately indifferent to a risk of harm to Plaintiff. Thus, the Defendants' Motion to Dismiss will be granted as to Plaintiff's claim of deprivation of basic human needs.

### E.    Violation of Due Process

Defendants also argue that Plaintiff failed to allege conduct that rises to the level of a violation of Plaintiff's Constitutional rights. Defendants specifically point to Plaintiff's allegation that the use of DC-709 and DC-ADM 801 violate the Constitution because DC-709 does not provide for an appeal process and DC-ADM 801 does not provide for a pre-hearing process before an inmate is placed in Disciplinary Custody.

An inmate does not have a viable Section 1983 claim based solely upon a prison official's failure to adhere to a prison regulation, directive, or policy statement. *Elkin v.*

*Fauver,* 969 F.2d 48 (3d Cir. 1992).  *See also Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985)("state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under 1983").  In this case, Plaintiff does not state with sufficient particularity how DC 709 and DC-ADM 801 applied to his situation or how they violated his Constitutional rights.  He simply stated, "I'm on total restrictions and security precautions and I'm unable to appeal said status for seven (7) days from 7/3/04." (Doc. 23 at ¶ 42).   Plaintiff did not provide any factual allegations to support that statement.  Thus, this Court will grant Defendant's Motion to Dismiss as to Plaintiff's claim that Defendants violated his due process rights through the application of DC-709 and DC-ADM 801 to his case.

### F.     Conspiracy

In order to establish a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079, 113 S.Ct. 1045 (1993); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir. 1989); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir. 1989).  The Court of Appeals for the Third Circuit has further noted that "[a] conspiracy claim must ... contain supportive factual allegations."  *Rose*, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose."  *Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.,* 972 F.2d at 1377; *Durre,* 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement, or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *Id.; Rose,* 871 F.2d at 366; *Young*, 926 F.2d at 1405 n.16; *Chicarelli v. Plymouth Garden Apartments,* 551 F.Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

In the instant case, viewing the complaint in the light most favorable to Plaintiff, it is clear that he has failed to state a viable conspiracy claim against Defendants. Plaintiff alleges that, in an attempt to cover up violations, Defendants Orwig and Robinson refused to conduct a proper investigation of the allegations Plaintiff made in a grievance. (Doc. 23 at ¶ 37). Plaintiff further alleges that, "upon information and belief," Defendant Kelchner sent Defendant Beard an electronic message describing the incident that occurred on July 3, 2004 and that Defendant Beard sent a reply electronic message stating, "There's already to [*sic*] much heat on us, do whats [*sic*] necessary so I don't have to get involved." (Doc. 23 at ¶ 38). Finally, Plaintiff alleged that Defendant Robinson issued a fabricated misconduct report in order to avoid interviewing Plaintiff. Plaintiff fails to allege with particularity and to present material facts demonstrating that the alleged conspirators

reached some understanding or agreement, or plotted, planned and conspired together to deprive Plaintiff of a protected federal right.  *See D.R. by L.R.,* 972 F.2d at 1377; *Rose*, 871 F.2d at 366; *Young,* 926 F.2d at 1405 n.16; *Chicarelli*, 551 F.Supp. at 539. Accordingly, the motion to dismiss will be granted with respect to Plaintiff's allegations of conspiracy.

      An appropriate Order is attached.


          ___s/ A. Richard Caputo___
          A. RICHARD CAPUTO
          United States District Judge


Dated: September 24, 2007