UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TELLY ROYSTER,  :
:
    Plaintiff,  :  CIVIL NO. 3:CV-05-2063
:
v.  :  (Judge Caputo)
:
Secretary BEARD, *et al.*,  :
:
    Defendants.  :

## **MEMORANDUM**

Presently pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 127) of this Court's January 28, 2008 Order (Doc. 120) deeming his Motion for Default Judgment (Doc. 114) to be withdrawn for failure to file a supporting brief.  For the reasons set forth below, the Motion will be denied.

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of its entry.  Fed. R. Civ. P. 59(e).  It is a device of limited utility in that its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).  In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  The reconsideration of a judgment is an extraordinary remedy, and thus, motions seeking

reconsideration should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Royster's Motion for Default Judgment, which is dated December 29, 2007, was docketed on January 7, 2008.  (Doc. 114.)  Therefore, a supporting brief was due on or before January 22, 2008.

In his Brief in Support of his Motion for Reconsideration, Royster states that, on January 8, 2008, the day after his Motion was docketed, he was transferred to a different institution.  He also states that he was transferred again on January 15 in order to attend a court hearing on January 18.  He claims that he did not have access to his legal materials from January 8 until January 29, 2008.  As a result, he claims that he was unable to timely file a brief in support of his Motion for Default Judgment.

Royster does not directly address the factors that would warrant reconsideration of this Court's Order deeming his Motion to be withdrawn.  He does not set forth newly discovered facts or precedent which would affect this Court's prior determination that his Motion for Default Judgment was deemed withdrawn when he failed to file a supporting brief.  He also has failed to establish any errors of law or fact.  Therefore, the Court will deny his Motion.

**NOW, THEREFORE THIS 15th DAY OF AUGUST, 2008, IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. 127) is **DENIED.**

    s/ A. Richard Caputo  
    A. Richard Caputo  
    United States District Judge