## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TELLY ROYSTER,              :

      Plaintiff          :

                           :  CIVIL NO. 3:CV-05-2063

v.                       :

                           :  (Judge Caputo)

SECRETARY BEARD, *ET AL.*,     :

      Defendants      :

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Telly Royster, an inmate presently housed at the Huntingdon State Correctional Institution in Huntingdon, Pennsylvania, commenced this pro se civil rights pursuant to 42 U.S.C. § 1983 on October 11, 2005. Following the resolution of several motions to dismiss, and the Corrections Defendants' Motion for Summary Judgment,[1] the following Eighth Amendment claims remain: Royster's excessive use of force claims against corrections officials at his former institution, the State Correctional Institution at Camp Hill (SCI-Camp Hill), and a denial of medical

---

[1] On August 15, 2008, the Court denied the corrections defendants' motion for summary judgment and terminated the following parties to this action: Spriggle, Martin, Snook, Kelchner, Beard, Orwig, Robinson and Leahman. (*See* Doc. 134, Order of August 15, 2008). The following corrections defendants remain: Rodites, Ross, Fenstemaker, Klinedist, Duncan, Cleaver, Sanchez, Huber, Stubbs, Law, Woodyard, Davis, Danyel M.

treatment for the resulting injuries by corrections and contract medical staff.[2]  By Order dated April 17, 2006 (doc. 36), this Court denied Plaintiff's first Motion for Appointment of Counsel.  On January 25, 2007, the Court denied a similarly based second Motion for Appointment of Counsel (doc. 66).

Presently before the Court is Royster's third Motion for Appointment of Counsel (doc. 135).  It appears to be a combination of his first and second motions and does not recite any new facts or information.  In fact, the only real difference in the three motions is the procedural posture of the case when Royster filed his motions.  Therefore, without further elaboration, we will deny this third motion as redundant.  However, in the event, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon another motion filed by Plaintiff.  If Plaintiff initiates such a motion, he should advise the court of any new facts, information or reasons that demonstrate a change in his situation or ability to move forward on his own with this matter.

AND NOW, this 31st day of March, 2009, it is ordered that Plaintiff's third Motion for Appointment of Counsel (doc. 135) is denied.

A. RICHARD CAPUTO
United States District Judge

---

[2] On September 24, 2007, the Court granted the corrections defendants' motion to dismiss on the following claims presented in the Amended Complaint: plaintiff's post-assault conditions of confinement claim; plaintiff's Due Process claim; and Royster's claim that defendants conspired to cover up the violation of his Eighth Amendment rights. (See Doc. 90, Order filed September 26, 2007). The following contract medical care employees are Physician Assistants Neufield and Spaeder, who are represented by separate counsel.

-2-