IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TELLY ROYSTER,** : | |
| : | |
|     **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-05-2063** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **SECRETARY BEARD, *ET AL.*,** : | |
| : | |
|     **Defendants** : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Royster's Motion for Enlargement of Time to respond to the contract medical defendants' Motion for Summary Judgment. (Doc. 150). Royster's request is based on the moving defendants failure to properly respond to outstanding discovery. For the following reasons, the motion will be denied; Royster will be directed to respond to the moving defendants' summary judgment argument alleging his failure to exhaust his administrative remedies as to the claims against them; and the contract medical defendants will be directed to promptly respond to Royster's outstanding discovery.

On October 8, 2008, the contract medical defendants (Newfield and Spaeder) filed for summary judgment based on Royster's failure to exhaust his administrative remedies as to the Eighth Amendment medical claims lodged against them, or in the alternative, his failure to state an Eighth Amendment claim of their deliberate

indifference to a serious medical following his alleged July 3, 2004, assault by the non-moving corrections defendants.[1]  (*See* Docs. 139 - 141).  Prior to bringing a conditions of confinement action against Newfield and Spaeder under federal law, Royster must have exhausted his administrative remedies as to all claims asserted against them in his lawsuit.  *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 991, 152 L.Ed.2d 12 (2002).  Thus, the matter of Royster's exhaustion of his claims against Newfield and Spaeder are not dependent on the defendants' discovery responses.[2]  Royster would have copies of all grievances he has filed as well as his appeals from any grievance denials.  Thus, Royster will be directed to respond *only* to defendants' summary judgment argument that he failed to exhaust his administrative remedies related to the Eighth Amendment claims lodged against them in his Amended Complaint.  Royster's obligation to respond to the remainder of the contract medical defendants' summary judgment motion will be stayed pending our resolution of the

---

[1] The remaining defendants are all employed by the Pennsylvania Department of Corrections at the Camp Hill State Correctional Institution and are represented by separate counsel.

[2] This finding is in no way meant to condone the defendants' failure to comply with Royster's discovery requests or this Court's previous order mandating their response to his discovery.  (*See* Doc. 74, Order granting Royster's unopposed Motion to Compel; and Doc. 112, Order denying Royster's Motion for Sanctions related to medical defendants' non-compliance with earlier discovery order).

exhaustion of administrative remedies argument.  In the interim, the medical defendants will have ten (10) days to serve Royster with a copy of responses to his discovery requests and file a copy of their certificate of service of the same with the Court.  Delay of either party in responding to the mandates of this Order will not be favored.

    **AND NOW**, this **6th** day of **April, 2009**, it is ordered that:

1. Royster's Motion for Extension of Time to Oppose Defendants' Motion for Summary Judgment (doc. 150) will be **DENIED**.

2. Within fifteen (15) days of the date of this Order, Royster shall respond to the moving defendants' summary judgment argument that he failed to exhaust his administrative remedies related to his Eighth Amendment claims against Newfield and Spaeder.

3. Within ten (10) days of the date of this Order, Newfield and Spaeder shall serve Royster with responses to any properly served discovery requests that are pending.

4. Newfield and Spaeder shall file a copy of their Certificate of Service accompanying their discovery responses with the Court.

5. Royster's obligation to respond to defendants' alternative summary judgment argument (failure to state a claim) will be stayed pending the Court's resolution of the administrative exhaustion issue.

                                        /s/ A. Richard Caputo
                                        **A. RICHARD CAPUTO**
                                        **United States District Judge**