## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TELLY ROYSTER, :
:
    **Plaintiff** :
:
                       : **CIVIL NO. 3:CV-05-2063**
**v.** :
: **(Judge Caputo)**
SECRETARY BEARD, *ET AL.*, :
:
    **Defendants** :

## O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 11, 2005, Plaintiff, Telly Royster, an inmate formerly housed within the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution in Camp Hill, Pennsylvania (SCI-Camp Hill), commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. Following the resolution of several motions to dismiss, and several motions for summary judgment, the following Eighth Amendment claims remain: (1) whether DOC defendants used excessive use of force against Telly Royster on July 3, 2004; and (2) whether DOC defendants were deliberately indifferent to Telly Royster's serious medical needs following the alleged assault.[1] (*See* Doc. 135, Order of August 15, 2008; *see also* Doc. ***.) Presently before the Court is Mr. Royster's Motion for Default Judgment as to Lt. Anthony Ross. (Doc. 136.) For the following reasons, the motion will be denied.

---

[1] The remaining DOC Defendants in this action are: Lt. Rodites; CO Fenstemaker; Sgt. Klinedist; Sgt. Duncan; CO Cleaver; CO Sanchez; CO Huber; CO Stubbs; CO Law; Nurse Woodyard; Nurse Davis and Nurse McGrath. The DOC defendants are all represented by DOC counsel.

Original service of the Complaint on Lt. Anthony Ross, who at all times relevant to the allegations in the Complaint was employed at SCI-Camp Hill, was ordered on October 21, 2005. (Doc. 7.) On April 17, 2006, DOC Counsel returned Lt. Ross's Waiver of Service of Summons. (Doc. 35.) Lt. Ross's signature does not appear on that document. (Id.) DOC counsel entered her appearance on Lt. Ross's behalf on September 22, 2006. (Doc. 48.) On October 25, 2007, DOC counsel filed a Motion to Withdraw as Lt. Ross's Attorney. (Doc. 99.) In support of her motion counsel noted that, although verbal authorization was given by Lt. Ross to prior DOC counsel, Lt. Ross repeatedly failed to sign and return the DOC's standard representation letter. (Doc. 100.) This Court granted DOC counsel's motion to withdraw on December 19, 2007. (Doc. 112.) The Court granted Mr. Royster's Motion for Entry of Default against Lt. Ross on the same date. (Id.) On September 2, 2008, Mr. Royster filed a properly supported Motion for Default Judgment against Lt. Ross. (Doc. 136.) In support of his motion, Telly Roster states that Lt. Ross has not answered the Complaint or appeared in this action (doc. 136) and that "he is convinced that defendant Ross is not in the military service of the United States" (doc. 137), which would prevent or excuse his failure to do so.

Telly Royster is not entitled to entry of default judgment against Lt. Ross under Fed. R. Civ. P. 55. Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. There is nothing in the record before the Court to indicate that process was served upon Lt. Ross. While true there exists a Waiver of Service executed by DOC counsel on Lt. Ross's behalf, however, DOC counsel later

-2-

withdrew her representation of Lt. Ross. The basis of counsel's withdrawal of representation was that Lt. Ross never formally accepted DOC legal representation in writing and that he was no longer employed by the DOC. There is nothing of record establishing the DOC counsel was authorized to accept service on Lt. Ross's behalf when she did. Based on the foregoing, it does not appear that process has been properly served on Lt. Ross pursuant to Fed. R.Civ. P. 4. Thus, enter of default judgment is not appropriate.

The Court is mindful that Mr. Royster, proceeding *pro se,* is not responsible for effecting proper service on Lt. Ross. *See* 28 U.S.C. § 1915(d). Telly Royster, however, is responsible for providing the necessary information to effect service. Based on the above, the Court will direct Mr. Royster to provide the Court with a current address for Anthony Ross to facilitate proper service upon him.

**AND NOW,** this *18*th day of **August, 2009,** it is ordered that:

1.    Plaintiff's Motion for Default Judgment (doc. 136), is denied.

2.    Plaintiff will be granted twenty (20) days from the date of this Order in which to provide a current address for Anthony Ross to effect service upon him. If Plaintiff fails to timely provide such information for this defendant, he shall be dismissed from this action, without prejudice pursuant to the provisions of Fed. R. Civ. P. 4(m).

**A. RICHARD CAPUTO**
**United States District Judge**

-3-