**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TELLY ROYSTER,** :<br>:<br>**Plaintiff** :<br>: **CIVIL NO. 3:CV-05-2063**<br>**v.** :<br>: **(Judge Caputo)**<br>**SECRETARY BEARD, *ET AL*.,** :<br>:<br>**Defendants** : | |

**M E M O R A N D U M**

**I.    Introduction**

Plaintiff, Telly Royster, an inmate formerly housed at the Camp Hill State Correctional Institution (SCI-Camp Hill), Camp Hill, Pennsylvania,[1] commenced this civil rights action on October 11, 2005, after he was allegedly assaulted by Department of Corrections (DOC) staff on July 3, 2004, and then denied medical care for his injuries. Mr. Royster filed an Amended Complaint on February 10, 2006. (Doc. 23, Amended Complaint.) Following the resolution of several motions to dismiss, and the DOC Defendants' Motion for Summary Judgment, the following Eighth Amendment claims remain: Mr. Royster's excessive use of force claim against the remaining DOC Defendants and a denial of medical treatment for the

---

[1] Mr. Royster is currently housed at SCI-Huntingdon, in Huntingdon, Pennsylvania.

resulting injuries by both corrections and contract medical staff.[2]

On October 8, 2008, the contract medical care defendants filed for summary judgment based on Mr. Royster's alleged failure to exhaust his administrative remedies as to the Eighth Amendment medical claims lodged against them, or in the alternative, failure to state an Eighth Amendment claim of their deliberate indifference to a serious medical need following his alleged July 3, 2004, assault by the DOC defendants. On April 6, 2009, the Court directed Mr. Royster to respond only to the moving defendants' exhaustion argument. (*See* Doc. 155, Order of April 6, 2009.) Mr. Royster was to file his opposition materials on or before April 24, 2009. To date, Mr. Royster has not filed a response to the medical defendants' motion for summary judgment, or sought an enlargement of time to do so.

For the reasons that follow, the contract medical care defendants' Motion for Summary Judgment will be granted.

## II. Background

The following facts are undisputed, and unless otherwise noted, are presented in the light most favorable to Mr. Royster.[3] Mr. Royster contends DOC

---

[2] On September 24, 2007, the Court granted the DOC Defendants' Motion to Dismiss on the following claims presented in the Amended Complaint: Plaintiff's post-assault conditions of confinement claim; plaintiff's Due Process claim; and Mr. Royster's claim that defendants conspired to cover up the violation of his Eighth Amendment rights. (*See* Doc. 90, Order of September 26, 2007). On August 15, 2008, the Court terminated the following DOC defendants as parties to this action: Spriggle, Martin, Snook, Kelchner, Beard, Orwig, Robinson and Leahman. (*See* Doc. 134, Order of August 15, 2008.)

[3] Mr. Royster did not file a counterstatement of material facts in response to Defendants' Statement of Facts (doc. 140). *See* Local Rule 56.1 (requiring "a
(continued...)

staff assaulted him on July 3, 2004, while housed in SCI-Camp Hill's Special Management Unit (SMU). (Doc. 140, Defendants' Newfield and Spaeder's Statement of Uncontested Facts (DSF) at ¶ 11.) The first time Mr. Royster saw Physician's Assistant (PA) Spaeder regarding complaints of pain after the July 3, 2004 assault was on July 6, 2004. (*Id.* at ¶ 36 and ¶ 62.) Mr. Royster saw PA Newfield for the first time on July 14, 2004, regarding a complaint of pain and ocular photosensitivity after the July 3, 2004, assault. (*Id.* at ¶ 21.) On July 16, 2004, PA Newfield saw Telly Royster a second time concerning the use of Tylenol for headaches and pain. (*Id.* at ¶ 22.)

On July 2, 2004, Mr. Royster filed Grievance No. 88664, alleging that he was assaulted by DOC corrections officers and denied medical care by Nurse Woodyard, a DOC defendant. (*Id.* at ¶24 and Doc. 141-7, Defendants' Exhibits in Support of their Motion for Summary Judgment, Exh. F at R. 5.)[4] On July 7, 2004, SCI-Camp Hill's Grievance Coordinator Ian Taggart advised Mr. Royster that his grievance would be forwarded to the institution's security office for their investigation. (Doc. 141-6, Defs.' Exhibits at R. 52.) On August 26, 2004, Security Lieutenant Reading denied Mr. Royster's grievance. (DSF at ¶ 26; Doc. 141-7 at R. 4.) On August 31, 2004, Superintendent Kelchner denied Telly Royster's grievance

---

[3](...continued)
separate short and concise statement of material facts" responding to the numbered paragraphs in the moving party's statement of material facts). Failure to do so results in the admission of the moving party's material facts.

[4] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

-3-

appeal. (Doc. 141-7 at R. 2.) The DOC's Chief Grievance Officer denied grievance no. 88664 at final review. (Doc. 141-7 at R. 1.) Telly Royster did not file any grievance that mentions PA Newfield or complains of her conduct. (DSF at ¶ 27.) Likewise, Mr. Royster did not file any grievance that mentions PA Spaeder or complains of his conduct. (*Id*. at ¶ 28.) Telly Royster has filed numerous grievances over the years against Physician Assistants other than PA Newfield and PA Spaeder. (*Id*. at ¶ 71.)

### III. Standard of Review

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

### IV. Discussion

*A. The Prison Litigation Reform Act's Exhaustion Requirement.*

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.C. 983, 988, 152 L.Ed.2d 12 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v.*

-4-

*Ngo*, 548 U.S. 81, 84, 126 S.C. 2378, 2383, 165 L.Ed.2d 368 (2006).  This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." (*Id.*)  The "filing [of] an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement.  (*Id.*)  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). Further, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).  The Supreme Court has clearly stated that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212, 127 S.C. 910, 918-19, 166 L.Ed.2d 798 (2007).  Finally, the Third Circuit Court of Appeals has stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006)(not precedential).

A prisoner is not required to allege that administrative remedies have been exhausted. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  (*Id.*)  As such, it must be plead and proven by the Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

B. *The DOC's Administrative Remedy Program.*

The Pennsylvania Department of Corrections (DOC) has a three-level administrative remedy review process designed to address inmate problems that may arise during the course of confinement. *See* 37 Pa. Code § 93.9(a); *see also* www.cor.state.pa.us, DOC Policies, DC-AM 804, Inmate Grievance System Policy.[5] Pursuant to Policy 804, an inmate must first file a written grievance with the institution's Grievance Coordinator for initial review. If dissatisfied with the initial review provided by the Grievance Coordinator, or the rejection of his grievance, the inmate must file an appeal with the institution's Facility Manager (Superintendent). The third and final level of appeal is to the Secretary of the Department of Corrections Office of Inmate Grievances and Appeals. (Doc. 141-11 at RR. 1 - 18.)

C. *Mr. Royster Failed to Exhaust his Available Administrative Remedies as to his Claims against PA Newfield or PA Spaeder.*

The undisputed facts before the Court demonstrate that although Telly Royster filed grievance no. 88664 concerning his denial of medical care following the alleged July 3, 2004, that grievance does not pertain to the moving defendants. Mr. Royster filed grievance no. 88664 the same day as the assault. He admits in his deposition that "Nurse Woodyard ... is the one who came [to the SMU] and she denied medical attention" the day of the alleged assault. (*See* Doc. 141-4 at R. 60,

---

[5] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

Mr. Royster's Deposition Transcript.) The first time Mr. Royster saw PA Spaeder was several days later on July 6, 2004. (DSF at ¶ 36 and ¶ 63.) He did not see PA Newfield until July 14, 2004. (*Id*. at ¶ 21.) Clearly, whatever treatment the medical defendants rendered Telly Royster for his medical complaints were not presented to the DOC in a grievance. As such, Mr. Royster failed to properly exhaust his administrative remedies as to his claims against PA Newfield and PA Spaeder before filing this action. The contract medical defendants are entitled to summary judgment in their favor.[6]

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: August 18, 2009**

---

[6] Since the exhaustion of administrative remedies is a threshold issue, there is no need to consider Defendants' alternative argument presented in their motion for summary judgment.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TELLY ROYSTER,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:CV-05-2063** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **SECRETARY BEARD, *ET AL*.,** : | |
| : | |
| **Defendants** : | |

# O R D E R

**AND NOW, this  18th  day of August, 2009**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants Newfield and Spaeder's Motion for Summary Judgment (Doc. 139) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of the defendants Newfield and Spaeder and against the plaintiff.

3. This matter will be scheduled for trial at the convenience of the Court.

 /s/ A. Richard Caputo  
 **A. RICHARD CAPUTO**  
 **United States District Judge**